# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2022

Lyle W. Cayce
Clerk

No. 21-20378
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM H. MIKULIN, INDIVIDUALLY AND AS TRUSTEE OF
MIKULIN HOLDINGS TRUST, YEGUA TRUST AND TEXAS
REDEMPTIVE TRUST; BARRY W. MIKULIN, THE TRUSTEE OF
YEGUA TRUST AND RLD INVESTMENT TRUST,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1010

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

In this pro se appeal, appellants William Mikulin, Yegua Trust, Texas
Redemptive Trust, and RLD Investment Trust challenge the district court's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

judgment allowing the United States to recover the taxes, penalties, and interest owed by appellants.

The district court entered default judgment against the three trusts because they were not represented by a lawyer. On appeal, the trusts again have no lawyer. Although individuals in their personal capacity may represent themselves in federal court, *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."), artificial entities like trusts may not appear "otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. Trowbridge*, 251 F.3d 157, 157 (5th Cir. 2001) ("[A] non-attorney is not entitled to represent a trust in federal court.") (unpublished). Accordingly, the trusts may not proceed without a lawyer.

Mikulin's appeal in his personal capacity, in contrast, is properly before us. With respect to Mikulin, the district court held that the United States was entitled to (1) default judgment as a sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(vi) and (2) summary judgment on the merits. We affirm because the district court did not abuse its discretion in sanctioning Mikulin with a default judgment. *See SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666 (5th Cir. 1981) (upholding a default judgment sanction as within the district court's discretion). Instead of complying with the district court's discovery order and responding to the United States' pleadings, Mikulin filed several frivolous documents to obstruct and delay the proceedings. His pleadings referenced his "Ecclesiastical Declaration of Independence" from the United States, purported to appoint a power of attorney under the "international Treaty of Peace and Friendship between Morocco and the United States," and, on several occasions, disaffirmed "any and all contracts associated with [his] infancy." Given these willful violations of the district court's discovery order and the resources that the

No. 21-20378

United States had to spend in responding to Mikulin's numerous rambling filings, default judgment was warranted. *See Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758–60 (5th Cir. 2019).

\* \* \*

We DISMISS the appeals by Yegua Trust, Texas Redemptive Trust, and RLD Investment Trust and AFFIRM the district court's judgment against William Mikulin.